UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV-21-01040-CJC(JDEx)                                   Date: September 15, 2021

Title: SONRAI MEMORY LIMITED V. WESTERN DIGITAL TECHNOLOGIES INC.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

    Rolls Royce Paschal/Dajanae Carrigan          N/A
             Deputy Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT TRANSFER THE PRESENT ACTION TO THE WESTERN DISTRICT OF TEXAS**

     On June 11, 2021, Plaintiff Sonrai Memory Limited filed this case against Defendant Western Digital Technologies Inc., alleging that Defendant infringed two patents, U.S. Patent No. 6,724,241 ("the '241 patent") and U.S. Patent No. 6,920, 527 ("the '527 patent"). (Dkt. 1 [Complaint, hereinafter "Compl."] ¶¶ 8–25.) A few months prior to filing the present action, Plaintiff filed six actions in the Western District of Texas ("the Texas Actions") against separate defendants also alleging infringement of the '241 patent. Specifically, in this case and the Texas actions, Plaintiff alleges that the SanDisk/Toshiba 64L 3D NAND flash chips ("Accused Flash Chips") infringe on the '241 patent. (Compl. ¶ 10.) On August 27, 2021, proposed intervenors Kioxia Corporation and Kioxia America, Inc. (collectively "Kioxia") filed a motion to intervene in the above captioned case. (Dkt. 32. [hereinafter "Mot."].) Plaintiff opposes the motion. (Dkt. 38 [hereinafter "Opp."].)

     Again, in the present action and the Texas Actions, Plaintiff alleges that the Accused Flash Chips infringe upon the '241 patent. (Opp. at 4–5.) The Texas defendants include proposed intervenors, Kioxia, and several of Kioxia and Western Digital's customers: Dell Technologies, Inc., Google LLC, LG Electronics Inc., LG Electronics USA, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc., Kingston Technology Company, Inc., and Kingston Technology Corporation. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV-21-01040-CJC(JDEx) | Date: September 15, 2021 |
| | Page 2 |

The Texas actions are before the same judge. (*Id.* at 6.) Each is set to proceed under the same schedule, with claim construction disclosures beginning on October 20, 2021, a consolidated *Markman* hearing set for January 19, 2022, and a trial anticipated in each matter in early 2023. (*Id.*)

Pursuant to 28 U.S.C. § 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C.A. § 1404(a). A transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court sua sponte, so long as the parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)). The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The Ninth Circuit recognizes that the "'weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.'" *Sparling v. Hoffman Costr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) (quoting *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

The Court is inclined to transfer this case to the Western District of Texas given the similarities and overlap in the patents, parties, accused products, and legal issues involved in the present action and the Texas actions. In the present action and the Texas actions, Plaintiff alleges that the same Accused Flash Chips infringe on the same '241 patent. Additionally, either proposed intervenor Kioxia, or Defendant Western Digital, supplied the Accused Flash Chips to the other Texas defendants, establishing a commercial relationship amongst the involved defendants. To have two federal courts invest their resources to interpret the same patent infringement claims, concerning the same products, amongst the same or related parties seems to be the exact type of waste, duplication of effort, and inefficiencies that Section 1404 was designed to protect against. This is especially true considering that the Texas actions are all before the same judge and proceeding under the same schedule.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing by **October 8, 2021** why this action should not be transferred to the Western District of Texas. Defendant and Kioxia shall file any opposition or response by **October 22, 2021**.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV-21-01040-CJC(JDEx)             Date: September 15, 2021
                                                                                  Page 3

Plaintiff may file a reply by **October 29, 2021**. The Court **VACATES** the hearing on Kioxia's motion to intervene scheduled for September 27, 2021 at 1:30 PM. The Court will reschedule the hearing, if necessary, after the issue of the appropriate venue for this case is resolved.

as

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk RRP/DCA